SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6809
    Fax: (415) 436-7234
    Email: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>GREGORY MAYER, )<br>)<br>    Defendant. )<br>) | Case No. CR 07-0490 MAG<br><br>**DECLARATION OF CRYSTAL J. TINDELL IN SUPPORT OF UNITED STATES' MOTION FOR SUMMONS** |

I, Crystal J. Tindell, hereby declare as follows:

1. I am a Law Clerk in the United States Attorney's Office assigned to the prosecution of this case. I have received the following information from agents employed by the United States Postal Service Office of the Inspector General and from reports and other documents provided to me by the United States Postal Service Office of the Inspector General.

2. On January 19, 2007, Gregory Mayer ("Mayer") called in sick for work. A replacement carrier, Michelle English ("English"), entered Mayer's delivery vehicle and immediately reported to management that English discovered undelivered mail inside. The undelivered mail was removed from the vehicle by Mail Carrier Supervisor Daniel Mendoza ("Mendoza") and secured in the Ukiah Post Office. The mail consisted of 24 parcels, 32 flats, 159 letters, and 39

advertising circulars. Seven of the parcels had been rifled.

3. On January 20, 2007, Mendoza contacted the United States Postal Service Office of the Inspector General to report that several rifled packages were found in the postal vehicle used by mail carrier Gregory Mayer. Special Agent Janet Laine ("Agent Laine") of the United States Postal Service Office of the Inspector General opened an investigation.

4. On Wednesday, January 24, 2007, Don Moore ("Moore"), Officer in charge of the Ukiah Post Office, informed Agent Laine that Mayer had called in sick from January 19, 2007, to January 23, 2007. Moore stated that Mayer did not call in sick on January 24, 2007, and was absent without authorization. Moore provided Agent Laine and Special Agent Regina King ("Agent King") with access to the undelivered mail, including the rifled packages. Each rifled package had been torn open and the contents had been exposed. One of the packages was empty, with the receipt listing the missing contents as Singulair tablets and Albuterol. Agent Laine and Agent King examined and photographed the rifled packages and their contents. Agent Laine was informed by Mendoza and Moore that Mayer had a history of mental health problems and suicide threats.

5. Agent Laine and Agent King proceeded to Mayer's house to ask him about the rifled packages. Upon arrival, they observed Mayer's vehicle and Mayer's mother's vehicle parked outside. Agent Laine knocked loudly on the front door but observed no signs of movement inside. Agent Laine then knocked on the side windows, but there was no response. Agent Laine and Agent King also called Mayer's telephone number without result, and tested the front door and found it unlocked. Based on Mayer's history of mental instability and suicide threats, Agent Laine notified the Lakeport Police Department of the situation.

6. The Lakeport Police Department arrived at Mayer's residence. After learning that Mayer and his mother were not responding to repeated knocking and telephone calls by the agents, the police decided a welfare check would be appropriate. The police also notified the agents that they had responded to Mayer's house to conduct welfare checks on previous occasions. The police knocked loudly and announced their presence, with no response. The police then entered the house through the unlocked front door, accompanied by Agent Laine and Agent King.

1  Mayer was in the house with his mother. Agent Laine asked Mayer to join Agent Laine and
2  Agent King at the Ukiah Post Office to answer a few questions. Mayer agreed.
3      7. Agent Laine and Agent King drove Mayer to the Lakeport Post Office. Before
4  questioning, the agents provided Mayer with his <u>Garrity</u> rights (a <u>Miranda</u> equivalent). Mayer
5  acknowledged in writing that he understood his rights. Mayer then provided a written statement
6  admitting that he was "responsible for all the mail left in his vehicle." He also stated that he
7  needed anti-depressants and could not afford to pay for them, so he rifled packages to find them.
8  Mayer admitted to taking Paxil from the mail.
9      8. I declare under penalty of perjury that the foregoing is true and correct to the best of my
10  knowledge and belief. Executed August 3, 2007, at San Francisco, California.

12  DATED: August 3, 2007                Respectfully submitted,

13                                            SCOTT N. SCHOOLS
                                          United States Attorney

15                                            /s/
                                          CRYSTAL J. TINDELL
16                                            Law Clerk
                                          United States Attorney's Office